STATE OF NORTH CAROLINA v. KENNETH CAMPBELL

No. 7211SC337

(Filed 24 May 1972)

1. Narcotics § 4— possession of LSD

   The State's evidence was sufficient to support a jury finding that defendant was in possession of 289 LSD tablets found in a refrigerator in a house occupied by defendant.

2. Searches and Seizures § 4— search under a warrant — admissibility of seized evidence

   Evidence obtained by a search of defendant's house under a warrant was inadmissible if the warrant was invalid. G.S. 15-27(a).

3. Searches and Seizures § 3— affidavit for search warrant — insufficiency

   Affidavit of an S.B.I. agent alleging that he "is holding" arrest warrants charging defendant and two other persons who lived in defendant's house with possession and sale of narcotics on various dates during the preceding month, that all three of the persons named "have sold" narcotics to the agent, and that the three persons who live in the house "are all actively involved in drug sales to Campbell College students; this is known from personal knowledge of affiant, interviews with reliable confidential informants and local police officers," held insufficient to furnish an adequate basis for the finding of probable cause for the issuance of a warrant to search defendant's house for narcotics, there being nothing in the affidavit to support the conclusion that any of the events referred to occurred on or in connection with the premises to be searched.

   Judge BRITT dissenting.

APPEAL by defendant from Copeland, Judge, 10 January 1972 Session of Superior Court held in HARNETT County.

Defendant pleaded not guilty to an indictment charging him with unlawful possession of LSD. The State's evidence showed that at approximately 6:00 a.m. on 20 May 1971 SBI Agents, under authority of a search warrant issued the preced-

ing night, searched a residence occupied by defendant and found 289 tablets, identified as LSD, in the freezer compartment of a refrigerator in the kitchen. Defendant offered no evidence. The jury found defendant guilty, and from judgment imposing a prison sentence, defendant appealed.

*Attorney General Robert Morgan and Associate Attorney Henry E. Poole for the State.*

*Woodall, McCormick and Arnold by Edward H. McCormick for defendant appellant.*

PARKER, Judge.

[1] The State's evidence, if competent, was sufficient to support a jury finding that the LSD was subject to defendant's dominion and control and was therefore in his possession, and the trial judge correctly denied defendant's motion for nonsuit. *State v. Allen,* 279 N.C. 406, 183 S.E. 2d 680. The substantial question raised by this appeal concerns the competency of the State's evidence.

[2] In apt time defendant challenged the validity of the search warrant under which the officers searched his premises and objected to the admission in evidence of the LSD found as a result of the search. The search was made under circumstances which required a search warrant, and unless the warrant was valid, the search was illegal and evidence obtained as a result thereof was not competent at the trial. G.S. 15-27(a) ; *Mapp v. Ohio,* 367 U.S. 643, 6 L.Ed. 2d 1081, 81 S.Ct. 1684. An "unlawful search is not made lawful because of resulting discoveries." *State v. McCloud,* 276 N.C. 518, 173 S.E. 2d 753.

The warrant described with reasonable certainty the premises to be searched and the evidence for which the search was to be made, as required by G.S. 15-26(a). It was issued by a district court judge and bore the date and hour of its issuance, 19 May 1971 at 7:30 o'clock p.m., as required by G.S. 15-26(c). The question presented is whether the affidavit upon which it was issued indicates a sufficient basis for the finding of probable cause.

[3] The affidavit, which was signed on 19 May 1971 by a special agent of the SBI, states that the facts which establish probable cause for the issuance of a search warrant are as follows:

"AFFIDAVIT

"Affiant is holding arrest warrants charging Kenneth Campbell with sale of Narcotics on April 16, 1971 and possession of narcotics on April 16, 1971 and April 28, 1971.

Affiant is holding arrest warrants on M. D. Queensberry for sale of narcotics on April 16, 1971, April 28, 1971 and April 29, 1971. Also affiant has four arrest warrants charging Queensberry with four counts of possession of Narcotics.

Affiant is holding arrest warrants charging David Bryan with sale and possession of narcotic drugs on April 1, 1971.

All of the above subjects live in the house across from Ma's Drive-in on Hwy. 55. They all have sold narcotics to Special Agent J. M. Burns of the SBI and are all actively involved in drug sales to Campbell College students; this is known from personal knowledge of affiant, interviews with reliable confidential informants and local police officers.

The house is owned by Macia Walker and leased to Kenneth Campbell who also pays the utility bills."

The SBI agent who signed the affidavit testified at the voir dire hearing which was held to determine the validity of the search warrant that he was the sole witness who appeared before the district judge at the time the search warrant was issued, that other search warrants and arrest warrants were issued at the same time, and that, while he discussed these with the judge, he had no independent recollection of speaking about this warrant. Of necessity, therefore, a finding of probable cause in this case must be based solely upon the allegations in the affidavit. "The affidavit is sufficient if it supplies reasonable cause to believe that the proposed search for evidence of the commission of the designated criminal offense *will reveal the presence upon the described premises of the objects sought* and that they will aid in the apprehension or conviction of the offender." (Emphasis added.) *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755. In our opinion, the affidavit in the present case does not supply reasonable cause for such a belief.

The statements in the affidavit that affiant "is holding" arrest warrants charging defendant and two other persons who lived in defendant's house with possession or sale of narcotics on various dates in April, 1971, furnish no rational basis for finding probable cause to believe that on 19 May 1971 narcotic drugs would be found in the house. Upon analysis, the statements concerning the arrest warrants amount to no more than statements that some undisclosed issuing officer on dates not stated, upon complaints, the factual basis for which is not revealed, made to him by complainants whose identity and reliability are not indicated, had found probable cause to order the arrest of the persons accused for offenses allegedly committed by them at places not specified on dates ranging from approximately three to seven weeks previous to the date of the affidavit. To translate these statements into a rational basis for finding probable cause to believe that on 19 May 1971 narcotic drugs would be found on the premises sought to be searched in this case simply requires too great a bootstrap operation.

The further statement that all three of the persons named "have sold" narcotics to the special SBI agent furnishes no additional support for the finding of probable cause. The time and place such sales were made is not stated, and for all that the affidavit reveals such sales may have occurred at times remote from the date of the affidavit and at places far distant from the premises to be searched. There remains only the allegation that the three person who live in the house "are all actively involved in drug sales to Campbell College students." Since here the present tense is used, it may be inferred that affiant is here asserting that on the date of the affidavit the three persons were still actively involved in drug sales to Campbell College students, but it is not clear whether this is stated as "known from personal knowledge of affiant" or from "interviews with reliable confidential informants and local police officers." If from the latter, there is nothing in the affidavit from which the judge who issued the search warrant could make his own independent finding crediting the information furnished by the unidentified confidential informants, as is required by the holdings in *Aguilar* and *Spinelli*. Even if there had been, or even if the affidavit be interpreted as stating that the involvement of defendant and the other two persons who lived in his house in sales to Campbell College students was within the personal knowledge

of the affiant in that he had actually observed such sales taking place, nothing in the affidavit suggests that such sales occurred on or were otherwise connected with the premises to be searched.

It is questionable whether any of the facts stated in the affidavit concerned events which were clearly alleged to have occurred at times sufficiently close to the date of the search warrant to justify finding probable cause at that time. See Annot.: "Search warrant: sufficiency of showing as to time of occurrence of facts relied on," 100 ALR 2d 525. We need not decide that question, however, since nothing in the affidavit supports the conclusion that any of the events referred to occurred on or in connection with the premises to be searched. In our opinion the facts stated in the affidavit fail to furnish an adequate basis for the finding of probable cause, which was essential to the validity of the search warrant.

For error committed in overruling defendant's objections to admission of evidence obtained as a result of the search, defendant is entitled to a

New trial.

Judge HEDRICK concurs.

Judge BRITT dissents.

Judge BRITT dissenting:

I respectfully disagree with the holding of the majority that the affidavit upon which the search warrant was issued indicates insufficient basis for the finding of probable cause by the judicial officer issuing the search warrant. Although the affidavit falls far short of being ideal, I think it meets the requirements of G.S. 15-26(b) and the Fourth Amendment to the Federal Constitution.

In *Spinelli v. United States,* 393 U.S. 410, 21 L.Ed. 637, 89 S.Ct. 584 (1969) Black, Justice, dissenting said, "(I)n my view, this Court's decision in *Aguilar v. Texas,* 378 U.S. 108, 12 L.Ed. 2d 723, 84 S.Ct. 1509 (1964) was bad enough. That decision went very far toward elevating the magistrate's hearing for issuance of a search warrant to a full-fledged trial. . . . But not content with this, the Court today expands Aguilar

to almost unbelievable proportions." Even in *Spinelli*, the zenith of technicality for probable cause to support a search, the Court stated that it does not retreat from the established propositions "that only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause, *Beck v. Ohio*, 379 U.S. 89, 96, 13 L.Ed. 2d 142, 147, 85 S.Ct. 223 (1964) ; that affidavits of probable cause are tested by much less rigorous standards than those governing the admissibility of evidence at trial, *McCray v. Illinois*, 386 U.S. 300, 311, 18 L.Ed. 2d 62, 70, 87 S.Ct. 1056 (1967) ; that in judging probable cause issuing magistrates are not to be confined by niggardly limitations or by restrictions on the use of their common sense, 380 U.S. 102, 108, 13 L.Ed. 2d 684, 688, 85 S.Ct. 741 (1965) ; and that their determination of probable cause should be paid great deference by reviewing courts, *Jones v. United States*, 362 U.S. 257, 270-271, 4 L.Ed. 2d 679, 707, 708, 80 S.Ct. 725, 78 ALR 2d 233 (1960)."

If these principles were not retreated from in *Spinelli*, suffice to say they were temporarily lost sight of by the Court. However, in *United States v. Harris*, 403 U.S. 573, 29 L.Ed. 2d 723, 91 S.Ct. 2075 (1971) the Court distinguished *Aguilar* and *Spinelli* with Justice Black and Justice Blackmun concurring, stating that *Spinelli* should not be distinguished but overruled. In *Harris*, the Court held:

> In evaluating the showing of probable cause necessary to support a search warrant, against the Fourth Amendment's prohibition of unreasonable searches and seizures, we would do well to heed the sound admonition of *United States v. Ventresca*, 380 U.S. 102, 13 L.Ed. 2d 684, 85 S.Ct. 741 (1965) : "[T]he Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by the nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants

will tend to discourage police officers from submitting their evidence to a judicial officer before acting. 380 US, at 108, 13 L.Ed. 2d at 689.

Quoting further from *Harris,* the court continued:

The substance of the tip held sufficient in Jones, closely parallels that here held insufficient by the Court of Appeals. Both recount personal and recent* observations by an unidentified informant of criminal activity, factors showing that the information had been gained in a reliable manner, and serving to distinguish both tips from that held insufficient in Spinelli, supra, in which the affidavit failed to explain how the informant came by his information.

Quoting further from *Harris* we find:

We cannot conclude that a policeman's knowledge of a suspect's reputation—something that policemen frequently know and a factor that impressed such a "legal technician" as Mr. Justice Frankfurter—is not a "practical consideration of everyday life" upon which an officer (or a magistrate) may properly rely in assessing the reliability of an informant's tip. To the extent that Spinelli prohibits the use of such probative information, it has no support in our prior cases, logic, or experience and we decline to apply it to preclude a magistrate from relying on a law enforcement officer's knowledge of a suspect's reputation.

In *State v. Vestal,* 278 N.C. 561, pp. 576-577, 180 S.E. 2d 755 (1971), Justice Lake quoted from *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723, as follows: "[W]hen a search is based upon a magistrate's, rather than a police officer's, determination of probable cause, the reviewing court will accept evidence of a less 'judicially competent or persuasive character than would have justified an officer in acting on his own without a warrant,' * * * and will sustain the judicial determination so long as 'there was substantial basis for [the

*We reject the contention of respondent that the informant's observations were too stale to establish probable cause at the time the warrant was issued. The informant reported having purchased whiskey from respondent "within the past 2 weeks," which could well include purchases up to the date of the affidavit. Moreover, these recent purchases were part of a history of purchases over a two-year period. It was certainly reasonable for a magistrate, concerned only with a balancing of probabilities, to conclude that there was a reasonable basis for a search.

magistrate] to conclude that [the articles searched for] were probably present.' * * * "

Applying *Harris* to the case at bar the following findings are justified: The affiant, a special agent of the State Bureau of Investigation, is holding arrest warrants for the three occupants (including defendant) of the premises to be searched charging them with the sale or possession of narcotics on various days of April 1971. The warrants charge defendant with sale and possession on 16 April 1971 and possession on 28 April 1971. These arrest warrants would of necessity involve the reliability of unnamed magistrates and police officers in securing and issuing the warrants. This information coupled with the personal knowledge of the affiant that all of the subjects live together, all have sold narcotics to a special agent of the SBI (which could involve sales up to the date of the affidavit) and all *are still actively involved in drug sales* to Campbell College students are sufficient for probable cause.

These findings seem to fall squarely within the holding of *United States v. Harris, supra,* and upon such information a magistrate would be reasonably justified in concluding that there was a reasonable basis for a search when he is concerned only with a balancing of probabilities. Further, in the balancing of probabilities the magistrate would be justified, in the reasonable belief upon the information presented to him of the probability that narcotics would be found at the premises where all three subjects resided in light of their extensive dealing with narcotics, even if the sales occurred elsewhere which is not clear from the affidavit.

For the reasons stated, I vote

No error.